## GEORGE B. LEWIS *vs.* CHARLES ROBBINS.

Under Gen. Sts. *c.* 116, § 14, police courts have concurrent jurisdiction with the superior court of larcenies from the person, of property not alleged to exceed the value of fifty dollars.

HABEAS CORPUS. The petitioner was convicted in the police court of Boston of larceny from the person, of fourteen dollars, and was sentenced to imprisonment in the house of correction for six months ; and appealed to the superior court, where he was again convicted, and sentenced to the house of correction for two years. He claimed his discharge on the ground that he was charged with an infamous crime, which was punishable with an infamous punishment, and that he was never indicted therefor by the grand jury, and the police court had no jurisdiction thereof. The respondent was the master of the house of correction.

*J. H. Butler*, for the petitioner.

*Reed*, A. G., for the respondent.

BIGELOW, C. J. The crime with which the prisoner was charged was clearly within the jurisdiction of the police court, and the sentence under which he is held is legal and valid. By Gen. Sts. *c.* 116, § 14, it is provided that police courts shall have jurisdiction of larcenies concurrently with the superior court where the property alleged to be stolen is not alleged to exceed the value of fifty dollars. In such cases the power of the court to impose punishment is expressly limited to fine and imprisonment in the jail or house of correction, excluding the state prison. This provision is a reënactment of *St.* 1857, *c.* 157, which was passed as a substitute for *St.* 1855, *c.* 448, after the latter had been pronounced unconstitutional by the court in *Jones* v *Robbins*, 8 Gray, 329, and was intended to obviate the objections to that statute by taking away from police courts the power to inflict an infamous punishment in case of aggravated larcenies by imposing a sentence of imprisonment in the state prison. Applying the reasoning and doctrine of the case of *Jones* v. *Robbins* to the case at bar, there can be no doubt that all larcenies, whether simple or aggravated, of property not alleged to exceed fifty dollars in value, are intended to be included within the jurisdiction of police courts, and that no constitutional right is violated by conferring this jurisdiction, because it is accompanied by a restriction on the authority of such courts, which prevents them from the imposition of an infamous punishment for such offences, and limits them to a sentence of a fine or of imprisonment in the jail or house of correction only. The legislation of the Commonwealth has been made to conform to the opinion of the court in *Jones* v. *Robbins ;* and, on a revision of the principles and views therein stated, we see no reason to doubt their substantial accuracy and soundness.

It has been suggested that the case of *Commonwealth* v. *Nolan,* 5 Cush. 288, is inconsistent with the doctrine laid down in *Jones* v. *Robbins*. But we do not understand it to be so. The question whether a previous conviction of larceny from the person by

a police court would be a bar to another prosecution for the same offence in the higher court was not passed upon. The only point determined was that the higher court had jurisdiction of an indictment for larceny from the person, of property of less value than five dollars, notwithstanding police courts had also jurisdiction of the same offence. *Prisoner remanded.*